W. J. Harrell v. W. T. Martin.

154 So. 186.

Opinion Filed March 5, 1934:

*Cone & Chapman,* for Petitioner;

*A. P. Rivers* and *J. B. Hodges,* for Respondent.

Per Curiam.—In this case the Circuit Court affirmed the judgment of the County Judge's Court, but conditioned its own judgment upon the affirmative entry of a *remittitur* of a part of the relief awarded by the judgment appealed from.

The object of a writ of certiorari is to quash an unlawful final judgment of some final and conclusive judicial order, in cases where no other method of relief therefrom, such as through appeal or writ of error, is available.

In this case the transcript shows that the judgment of the Circuit Court sought to be quashed, reads as follows:

"The transcript in the above entitled cause was submitted to me and the errors assgined were argued by the attorneys for the respective parties.

"The Court finds that under the unlawful entry and detainer statute that pleadings filed by the defendant are not proper to be filed, and that there was no error in the order of the lower court in striking the equitable pleas of the defendant.

"The court finds that there is no question of title shown or presented by the evidence in this cause. The court further finds that the plaintiff was not in the actual possession of the entire tract of land involved in this case at the time of the institution of this cause; and that, therefore, he was not turned out of the possession of the entire tract of land. On the contrary the court finds that one O. T. Harrell, a lessee of defendant, W. J. Harrell, was at the date of institution of this suit in the actual possession of the timbered portion of the tract of land involved in this suit.

"It is the order and judgment of this court that the judgment of the lower court be, and the same is hereby affirmed upon condition that within twenty (20) days after the mandate of this court is sent to the lower court, the plaintiff shall enter a *Remittitur* excepting from the judgment of the lower court that portion of the tract of land involved in this suit that is covered by pine timber, and being used for turpentine purposes; otherwise the judgment of the lower court will stand reversed and a new trial ordered.

"DONE AND ORDERED at Lake City, Florida, this the 6th day of February, A. D. 1934.

"R. H. ROWE,
"Circuit Judge."

So far as the record shows at this time, the Circuit Court's judgment amounts in law to a conditional reversal and not to an affirmance of the County Judge's Court judgment. This is so because it has not been made to affirmatively appear by the record that judgment plaintiff has entered or intends to enter the *remittitur* he was required to submit to as a condition precedent to his claiming the benefit of the judgment of the Circuit Court as an affirmance. So, in the absence of an affirmative showing in the record that a *remittitur* has been entered as the Circuit Court di-

rected, we must treat and deal with the Circuit Court's judgment as amounting in law to a reversal of the County Judge's Court judgment in its entirety, subject, of course, to the condition of *remittitur* imposed and required to be complied with, in order to have the appellate court's judgment operate otherwise. And such is the judgment's legal effect whether any mandate on such judgment has been issued or not.

Only by the issuance of a mandate followed by the affirmative act of the plaintiff in entering a *remittitur* or the entry of a *remittitur* in advance of the mandate, can the judgment of the Circuit Court be treated as legally operative to affirm the County Judge's Court judgment appealed from and consequently no certiorari will lie until the judgment becomes an unconditional one of affirmance.

Certiorari denied without prejudice.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.